UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STANLEY J. LAKOTA, JR.
        Plaintiff,

    v.                                                   CIVIL ACTION NO. 3:17-30052-MGM

MAURA HEALY, Attorney General and
JULIE DATRES, Assistant Attorney General,
        Defendants.

MEMORANDUM AND ORDER

ROBERTSON, M.J.

For the reasons set forth below, the court will: (1) allow the motion to proceed *in forma pauperis*, and (2) order the plaintiff to amend his complaint within 28 days of the date of entry of this Memorandum and Order.

I.    Background

In his one page, self-prepared complaint (ECF No. 1), pro se plaintiff Stanley J. Lakota, Jr. alleges that defendant Julie Datres, an Assistant Attorney General, made a "false statement in a successful attempt to change the judges (sic) decision" in an unidentified action to the detriment of the plaintiff. Plaintiff seeks $1,000,000 in compensatory damages and $1,000,000 in punitive damages. Along with his complaint, plaintiff filed a motion to proceed *in forma pauperis* (ECF No. 2).

II.    Discussion

    A.    Plaintiff's Motion to Proceed In Forma Pauperis is Allowed.

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is allowed. *See* 28 U.S.C.

§1915(a). Because plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening pursuant to 28 U.S.C. §1915(e). Even under a liberal reading, however, the complaint is deficient and will need to be amended for the Court to properly screen it pursuant to 28 U.S.C. §1915(e)(2).

>    B.   The Complaint Fails to Comply With Basic Rule of Pleading and Plaintiff Will Be provided an Opportunity to Amend the Complaint.

Plaintiff's complaint fails to meet the basic pleading requirements of the Federal Rules of Civil Procedure and it must be amended. Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and…a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). This statement must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense,' " Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). "The threshold may be low, but it is real—and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Similarly, Rule 10 requires that a plaintiff must state its claims "in numbered paragraphs, each limited as practicable to a single set of circumstances", and that if "doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count…" Fed. R. Civ. P. 10(b).

Here, plaintiff has asserted his entire claim in a single sentence. The court cannot determine whether it has jurisdiction, the facts of the case, and legal basis on which the plaintiff is proceeding. Even under notice pleading requirements, this complaint is insufficient under the basic pleading requirements of the Federal Rules of Civil Procedure. Accordingly, within 28 days of the date of this Memorandum and Order, the plaintiff shall file an Amended Complaint setting forth plausible claims upon which relief may be granted. The amended complaint should focus on the legal claims against each defendant, and the factual basis for such claims. In other words, plaintiff should set forth at least minimal facts as to who did what to whom, when, where, and why. He should not assert claims collectively against the defendants, but should parcel out the claims against each defendant separately to the extent possible. Plaitniff should also not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore.

III.  Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is hereby ALLOWED.

2. Plaintiff shall amend his complaint, as set forth herein, within 28 days of the date of entry of this Memorandum and Order.

3. Failure to comply with this Order will likely result in a recommendation of dismissal of this action.

**So Ordered.**                                   /s/ Katherine A. Robertson
                                                  Katherine A. Robertson
                                                  United States Magistrate Judge
Dated: May 9, 2017