UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STANLEY J. LAKOTA, JR.
        Plaintiff,

v.    CIVIL ACTION NO. 3:17-30052-MGM

MAURA HEALEY, Attorney General and
JULIE DATRES, Assistant Attorney General,
        Defendants.

REPORT AND RECOMMENDATION

July 11, 2017

ROBERTSON, U.S.M.J.

For the reasons set forth below, the court recommends that this action be DISMISSED with prejudice for failure to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief.

I.    Background

On May 5, 2017, plaintiff Stanley J. Lakota ("Plaintiff") filed a self-prepared complaint alleging in one sentence that defendant Julie Datres, an Assistant Attorney General of the Commonwealth of Massachusetts, made a "false statement in a successful attempt to change the judges (sic) decision" to the detriment of Plaintiff in an unidentified state court action. Plaintiff sought $1,000,000 in compensatory damages and $1,000,000 in punitive damages (Dkt. No. 1). With his complaint, Plaintiff filed a motion to proceed *in forma pauperis* (Dkt. No. 2).

On May 9, 2017, this court allowed the motion to proceed *in forma pauperis* and ordered Plaintiff to file an amended complaint that complied with the basic pleading requirements of the Federal Rules of Civil Procedure. *See* Memorandum and Order (Dkt. No. 6).

On June 5, 2017, Plaintiff filed his amended complaint, alleging that from June 2013 through June 2016, Plaintiff endured a number of health problems (Dkt. No. 7 at 1). At some unknown time, he claims defendant Dates "recommended to [an unidentified court] a want-to-be real estate tycoon, as the receiver to the Plaintiff's home whereby, he looted the home" (*id.*). Plaintiff alleges that he was not permitted to go on the property or take anything from the house and that the receiver disposed of plaintiff's clothes. He claims that defendant Datres "willfully, intentionally, and aggressively lied, and made untrue false statements in a successful attempt to change the judge's decision." Finally, he claims that "defendant" stipulated that the "Plaintiff was not to sell the property but to pay the taxes, insurance as well as, $87,000 to the receiver or loose (sic) his home" (*id.* at 2). There are no independent claims against the Commonwealth's Attorney General, except that she allegedly refused to "make herself available" to Plaintiff and "did [not] do anything to remedy the situation" (*id.*).

II.    Discussion

    A.    Plaintiff's Amended Complaint is Subject to Screening.

Plaintiff's motion to proceed *in forma pauperis* has been allowed (Dkt. No. 6). Because Plaintiff is proceeding *in forma pauperis*, his amended complaint is subject to screening pursuant to 28 U.S.C. §1915(e), and must be dismissed if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(ii) and (iii). Even giving the amended complaint a generous reading, it is deficient and should be dismissed with prejudice for the reasons stated below.

    B.    Defendants Are Immune from Damages and the Amended Complaint Should be Dismissed with Prejudice.

Plaintiff's attempt to expand upon the original complaint reveals its legal insufficiency. As best the court can discern, Plaintiff was involved in a state housing court proceeding initiated

by the Office of the Attorney General of the Commonwealth.[1]  Plaintiff alleges that he was directly harmed through Ms. Datre's conduct in that proceeding and harmed indirectly by her conduct because of the appointment of a receiver.  To the extent Plaintiff is seeking money damages against the Commonwealth's Attorney General and her Assistant Attorney General in their official capacities, both are immune from such claims under the Eleventh Amendment to the Constitution.  *See, e.g., Williams v. Massachusetts*, No. CA 13-10333-DPW, 2013 WL 1414436, at *3 (D. Mass. Apr. 4, 2013) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101–02 (1984); *J.R. v. Gloria*, 593 F.3d 73, 82 (1st Cir.2010)).  Further, as litigators on behalf of the Commonwealth pursuing a claim in the state housing court against Plaintiff, the defendants enjoy absolute immunity from money damages, which is the only relief that Plaintiff seeks.  *See, e.g., Gedeon v. DeSousa*, No. 16-CV-30058-MGM, 2017 WL 2261129, at *4 (D. Mass. Feb. 16, 2017) (Report and Recommendation adopted March 20, 2017). "In the circumstances in which such absolute immunity applies, it provides a complete bar to any claims for damages, whether or not the official has engaged in misconduct." *Id.*  Construing the Amended Complaint generously, it is nonetheless subject to dismissal pursuant to 28 U.S.C. § 1951(e)(2)(B)(2)(ii) and (iii) for failure to state claim upon which relief may be granted and for seeking monetary relief against parties who are immune from such relief.

III.  Conclusion

---

[1] *See Commonwealth of Massachusetts v. Lakota*, 16H79CV000479. A review of the public record reveals this Housing Court action fits the description in the plaintiff's amended complaint. The docket lists this action as "active." A public notice reveals that the property at which Plaintiff claims to reside was set for court-ordered auction on May 17, 2017. It is unclear whether that sale has occurred. It also appears that Plaintiff has filed other complaints concerning this matter in the Superior Court Department of the Massachusetts Trial Court. See *Lakota v. Higgins-Shea*, 1779CV00030 (Filed March 8, 2017; Defendants' motion to dismiss allowed June 16, 2017); <u>*Lakota v. O'Bear*</u>, 1778CV00030 (Filed May 4, 2017).

For the foregoing reasons, this court RECOMMENDS that this action be <u>DISMISSED</u> with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(2)(ii) and (iii).[2]

<u>/s/ Katherine A. Robertson</u>
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-155 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.