UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STANLEY J. LAKOTA, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 17-30052-MGM |
| MAURA HEALY, Attorney General and, | * | |
| JULIE DATRES, Assistant Attorney General, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER REGARDING REPORT AND
RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

(Dkt. No. 11)
July 28, 2017

MASTROIANNI, U.S.D.J.

On May 5, 2017, Plaintiff, Stanley J. Lakota, Jr., filed his complaint and a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) In his complaint he alleged that one of the defendants, Julie Datres, an Assistant Attorney General of the Commonwealth of Massachusetts, made a "false statement in a successful attempt to change the judges [sic] decision" in an unidentified state court action. This court referred his Motion for Leave to Proceed *in forma pauperis* to Magistrate Judge Robertson, who allowed Plaintiff's motion but, noting that his complaint did not comply with the basic pleading requirements set forth in the Federal Rules of Civil Procedure, ordered him to file an amended

complaint that complied. (Dkt. No. 6.) Plaintiff filed his amended complaint on June 5, 2017. (Dkt. No. 7.) The Amended Complaint included additional allegations regarding numerous and severe health problems Plaintiff suffered between June 2013 and June 2016, a recommendation from Datres to an unidentified court that a receiver be appointed for Plaintiff's home, and an assertion that the receiver looted Plaintiff's home, including disposing of Plaintiff's clothing. (*Id.* at 2.) Plaintiff alleges Datres "willfully, intentionally, and aggressively lied, and made untrue false statements in a successful attempt to change the judge's decision" and that "the Defendant stipulated that the Plaintiff was not to sell the property but to pay the taxes, insurance as well as, $87000.00 to the receiver or loose [sic] his home." (*Id.* at 1-2.) With respect to the other defendant, Maura Healy, Attorney General of the Commonwealth of Massachusetts, Plaintiff alleges she refused to "make herself available" to Plaintiff on two occasions when he traveled to Boston and "did [not] do anything to remedy the situation." (*Id.* at 2.)

  As Judge Robertson explained in her May 9, 2017 order, because Plaintiff is proceeding *in forma pauperis*, his amended complaint is subject to screening pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(e), the amended complaint must be dismissed if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Since this court had referred Plaintiff's Motion for Leave to Proceed *in forma pauperis* to Judge Robertson, she screened the Amended Complaint for compliance with 28 U.S.C. § 1915(e) and issued a Report and Recommendation (R&R) on July 11. (Dkt. No. 11.) Judge Robertson recommended the Amended Complaint be dismissed because it both failed to state a claim on which relief may be granted and seeks monetary relief from defendants who are immune from such relief. Plaintiff had fourteen days to file any objections. The court has received no objections.

  The court has reviewed the R&R, as well as the Amended Complaint and agrees with Judge Robertson's analysis regarding the deficiencies in the Amended Complaint. For these reasons, and

3

upon *de novo* review, the court hereby ADOPTS Judge Robertson's R&R (Dkt. No. 11) accordingly, this case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(2)(ii) and (iii).

It is So Ordered.

        _/s/ Mark G. Mastroianni_____
        MARK G. MASTROIANNI
        United States District Judge